[No. 13926.  Department Two.  March 23, 1917.]

AURORA LAND COMPANY, *Respondent*, v. H. E. FOSTER, *Appellant*.[1]

ASSIGNMENTS—FOR COLLECTION—COSTS—LIABILITY.  Where an assignment of a claim was for the purposes of collection only, and any returns from suit brought were to be paid, less commissions, to the assignor, the assignee's ownership is special and costs of suit brought to collect the claim are chargeable to the assignor.

Appeal from a judgment of the superior court for King county, Frater, J., entered January 29, 1916, upon findings in favor of the plaintiff, in an action for money paid, tried to the court.  Affirmed.

*Carl J. Smith*, for appellant.

*Fred J. Carver*, for respondent.

PER CURIAM. — Respondent sued to recover upon two causes of action against appellant:  The first for moneys paid out as costs for appellant in a certain suit brought by it upon a claim assigned to it by appellant for collection, and the second, for attorney's fees in that action.

The complaint is somewhat loosely and inartificially drawn.  In the first cause of action it sets out *in haec verba* all the oral and written requests and statements by appellant to F. J. Carver, an attorney, in relation to the collection of the account which appellant desired sued upon against one Pauline Miller.  The written assignment of claim was as follows:

"Assignment of Claim.
Pauline Miller, Seattle, to H. E. Foster,                    Dr.
To   Legal services in the superior court of King county, allowed in the case of Pauline Miller v. A. A. Gust, the sum of $250, the same being the amount allowed claimant by the superior court and included in the judgment awarded the plaintiff, which amount Pauline Miller promised and agreed to pay.

[1] Reported in 163 Pac. 937.

"For value received I hereby assign, transfer and set over unto the Aurora Land Company, a domestic corporation, the above and foregoing claim against Pauline Miller.

"H. E. Foster."

This assignment was accompanied by the following letter:

"Mr. Fred J. Carver,        Seattle, July 21, 1914.
    "Northern Bank Building, Seattle.
    "Dear Sir: Inclosed find assignment of claim against Pauline Miller for services rendered in 1912. Please push this matter to judgment at your earliest convenience. I do not want to allow more than ten per cent and statutory costs for this collection in case there is no contest. In case of a contest, I am willing to add to that five per cent more. There is no defense to this. I have a writing from her agreeing to pay this and it should be collected without very serious trouble.        Yours truly,
                            "H. E. Foster."

It is further alleged that the foregoing assignment was accepted by respondent on the terms therein contained, that thereafter suit was instituted against Pauline Miller on the assigned claim, and that Pauline Miller defended and resisted the suit; that appellant assisted Attorney Carver in the preparation of the pleadings and bringing the case to trial and in the trial of the action; that the trial resulted favorably to the defendant Pauline Miller, and that plaintiff in that action, respondent in this, was adjudged to pay the costs of the action; that the same amounted to $35, and that respondent had advanced the sum of four dollars for filing the complaint in that action, making a total of $39, which had never been paid and which appellant refused to pay.

The second cause of action was for attorney's fees in the former action, but was stricken and not considered by the trial court, and so is not involved here.

Various motions and a demurrer were addressed by the appellant to the complaint of respondent, but the complaint as to the first cause of action was held sufficient as against

the motions and demurrer attacking the same, and as to the second cause of action, was held insufficient, and the same was stricken.

It is strenuously urged by appellant that the complaint as to the first cause of action is wholly insufficient and states no cause of action against him, for the reason that the assignment to respondent carried with it no liability to pay the costs of the unsuccessful litigation against the defendant in the former action. This contention is untenable. The assignment, as shown by the letter accompanying it, was for the purpose of collection only, and any returns from the suit to be brought, less the commission agreed to be paid for collection, belonged wholly to appellant, not to respondent. The respondent's ownership was a special ownership, and while it was directly liable for the costs in that suit, those costs, in good faith and in law, are chargeable to the real owner of the cause of action for whose use and benefit the action was prosecuted, this appellant.

The correspondence and the testimony introduced in the trial below abundantly supported respondent's right to recover, and the judgment is affirmed.